134 F.3d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon ZAMORA-MARTINEZ, Defendant-Appellant.
 No. 97-30121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ramon Zamora-Martinez appeals his conviction for conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Zamora-Martinez contends that the government impermissibly referred to his post-Miranda silence. Specifically, he contends that he invoked his right to remain silent when he did not respond to one question following the waiver of his Miranda rights and his Fifth Amendment and due process rights were violated when the government presented his non-response to the jury. This contention lacks merit.
 
 
 4
 We review alleged violations of a defendant's Fifth Amendment rights de novo. See United States v. Mende, 43 F.3d 1298, 1301 (9th Cir.1995). The prosecutor may not elicit statements regarding the invocation of post arrest silence or comment upon the post-arrest silence of a defendant. See Doyle v. Ohio, 426 U.S. 610, 618 (1976); United States v. Kallin, 50 F.3d 689, 693 (9th Cir.1995). The use of post-Miranda silence violates the due process clause of the Fourteenth Amendment. See Doyle, 426 U.S. at 619: Kallin, 50 F.3d at 693. If there is an error, the government bears the burden of proving that the error passes muster under the "harmless-beyond-a reasonable-doubt" standard. See Chapman v. California, 386 U.S. 18, 24-6 (1967); Kallin, 50 F.3d at 693. We determine whether the prosecutor's conduct was harmless by considering "the extent of comments made by the witness, whether an inference of guilt from silence was stressed to the jury, and the extent of other evidence suggesting defendant's guilt." See United States v. Baker, 999 F.2d 412, 416 (9th Cir.1993).
 
 
 5
 Here, Zamora-Martinez waived his Miranda rights after his arrest and answered the first two of Officer Hanagan's questions. However, he did not answer Officer Hanagan's third question regarding the money that was found in Zamora-Martinez' pocket. The officer testified during direct and re-direct examination that "he simply did not answer my question when I inquired as to where he had obtained it." During re-direct the officer testified that he asked Zamora-Martinez about the money, and that "he had no answer." Accordingly, here there was no error, however even assuming there was error the government has demonstrated that it was harmless beyond a reasonable doubt. See United States v. Lorenzo, 570 F.2d 294, 298 (9th Cir.1978); See Chapman, 386 U.S. at 24-6.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3